UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P375-JHM

FRANCISCO G. RODRIGUEZ                                                              PLAINTIFF

v.

DAVID AIRINGTON *et al.*                                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Francisco G. Rodriguez filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

## I.

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). He sues David Airington, whom he identifies as a prison mailroom clerk at KSR, and Aaron Smith, the KSR Warden, in their individual and official capacities.

Plaintiff states, "On June 28, 2016 a civil action was filed against me, 'by the victim of the criminal case for which I am serving time[.]'" He reports that a complaint, summons, and letter from a guardian ad litem were mailed to him at KSR via registered mail. Plaintiff states that Airington "intercepted the legal mail from Christian Circuit Court and the guardian ad litem." He represents that Airington "signed the green return receipt card – then he returned the mail to the Christian Circuit Court Clerk <u>without</u> contacting or locating me in the prison and informing me of receipt of registered mail in my name[.]" Plaintiff states that the green receipt card was filed in the Christian Circuit Court. He maintains that "the court thereby entered a

judgment against me for default for failure to defend the lawsuit – for failure to answer the complaint – the court entered a judgment for . . . one million five hundred thousand dollars against me."

Plaintiff further asserts that he filed a grievance concerning the incident. He states, "They responded that the Court Clerk put the wrong inmate number on the green card – the number was not a inmate ID number – but was the Christian Circuit Court case number." Plaintiff maintains that he "appealed to the Warden and Commissioners – they concurred with the prison." Plaintiff states that KSR has a practice of locating an inmate if it receives mail without a prisoner identification number. He states, "They lied about this incident."

Plaintiff reports that he appealed the default judgment to the Kentucky Court of Appeals and the appeal is pending. He states, "This is a denial of access to the courts action . . . where the defendants were deliberately indifferent to my right by failing to allow service of process by the Christian Circuit Court – thereby causing a one and a half million dollar judgment to be imposed against me . . . ."

As relief, Plaintiff seeks compensatory and punitive damages; injunctive relief in the form of "no retaliatory actions/properly retrain"; and requests to "have DOC clarify matter w/ Ky Court of Appeals."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right, however, is not without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted).

Furthermore, the Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need **in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement**. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355 (emphasis added). "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

In the complaint, Plaintiff alleges that he was unable to defend against a civil action resulting in a civil judgment being entered against him. Plaintiff does not allege an injury to a direct appeal of his sentence, a habeas corpus petition, or a civil rights claim related to his conditions of confinement. He, therefore, fails to state a constitutional violation under § 1983, and his claims will be dismissed for failure to state a claim upon which relief may be granted. *See Cooper v. Bender*, No. 2:12-cv-03934-WMA-JHE, 2014 U.S. Dist. LEXIS 45393, *7 (N.D. Ala. Feb. 20, 2014) (finding that access-to-courts claim based on default judgment entered against inmate in a divorce case failed "because Plaintiff alleges no facts demonstrating he suffered an actual injury to qualifying litigation"), report and recommendation adopted by *Cooper v. Bender,* 2014 U.S. Dist. LEXIS 44500 (N.D. Ala., Mar. 31, 2014); *Wilson v. Andison*, No. 2:06-cv-10794, 2006 U.S. Dist. LEXIS 19951, at *4 (E.D. Mich. Apr. 17, 2006) ("Because the materials were intended to help Plaintiff with commercial matters and not to challenge his conviction or to assert a violation of constitutional rights, Plaintiff's right of access to the courts was not violated.")

Accordingly, the Court will dismiss the action by separate Order.

Date: November 22, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010

5